1
2
3
4
5
6
7
8
9           UNITED STATES DISTRICT COURT
10      FOR THE CENTRAL DISTRICT OF CALIFORNIA
11              EASTERN DIVISION
12

| | | |
|---|---|---|
| FOY JAMES CHANDLER, | ) | ED CV 14-01169-JGB (KES) |
| | ) | |
| Plaintiff, | ) | |
| | ) | PROTECTIVE ORDER |
| v. | ) | |
| | ) | |
| R. PHILLIP GUTTIERREZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      On August 15, 2016, Defendant United States of America filed its response to the Court's July 25, 2016 Order.  (Dkt. 121).  In the response, Defendant asserts that the April 15, 2014 Kevin Grady Memorandum dated April 15, 2014, and the signed copy of the April 13, 2012 Ross T. Quinn, M.D., M.O., Memorandum, both maintained in the Office of Internal Affairs, Federal Bureau of Prisons, can be produced to Plaintiff pursuant to a Protective Order.

      The Court having considered Defendant's response, and good cause having been shown,

IT IS ORDERED that Defendant shall produce to the Plaintiff the April 15, 2014 Memorandum by Kevin Grady and the April 13, 2012 signed Memorandum by Dr. Ross T. Quinn, M.D., M.O., noted in Defendant's August 15, 2016 Response, under the following terms and conditions:

(a)    Defendant will label the noted documents that are being produced subject to this protective order as "Produced Pursuant to Protective Order";

(b)    The protected documents shall be maintained by Plaintiff in accordance with this Order, and shall be used by Plaintiff solely and exclusively in connection with this case and for no other purpose;

(c)    A copy of this Order shall be kept with the protected documents at all times;

(d)    Plaintiff may view the protected documents only for the purpose of litigating this case, and, and a copy of the protected documents shall not be provided to any other inmate or person other than the parties, counsel, experts or consultants who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, and witnesses, only to the extent that disclosure is necessary to question a witness or prepare a witness to be questioned by another party.

(e)    If Plaintiff summarizes or attaches the protected documents or their content in a document of any kind sought to be filed in this action, then the proposed filing must be accompanied by an application to file said materials under seal pursuant to Local Rule 79-5.

(f)    Within 30 days of the conclusion of this matter (including appeal), Plaintiff will return the protected documents to the United States Attorney's Office for the Central District of California, Civil Division or Plaintiff shall certify to this Court that all the protected documents which are the subject of this Protective Order have been destroyed.  Plaintiff shall

further certify that he has destroyed all copies and/or duplicates, as defined by Rule 1001(4) of the Federal Rules of Evidence, that were made of such documents; and

(g)     Any parties, identified under subsection (d) above, viewing the documents in this matter are also fully bound by this protective order.


This Protective Order is not intended to compromise the rights of any party to object to discovery pursuant to the rules applicable to this action, nor is it intended to alter any burden of proof regarding any assertion of privilege.

Nothing in this Protective Order prohibits a party from seeking further protection for the Protected Information or constitute a waiver of any party's right to seek a Court Order permitting the future use and/or production of unredacted copies of the Protected Information.  This Protective Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable or admissible and does not constitute any ruling on any potential objection. Other than explicitly set forth herein, this Protective Order does not apply to any other information or documents subject to a claim of privilege or other basis of exclusion, and this Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information or documents.

Dated this 16th day of August, 2016.

_Karen E. Scott_

_____
UNITED STATES MAGISTRATE JUDGE
KAREN E. SCOTT